IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| REV. DR. GEORGE A. BATES, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 1:17-cv-00593<br>)<br>) |
| LAUREL GROVE BAPTIST<br>CHURCH, INC., et al., | )<br>)<br>) |
| Defendants. | )<br>) |

## Memorandum Opinion

THIS MATTER comes before the Court on Plaintiff's Motion to Remand to the Circuit Court in Prince William County for lack of subject matter jurisdiction and Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

The Court first considers Plaintiff's Motion to Remand. Plaintiff originally filed this case in Prince William County Circuit Court on April 26, 2017. Defendants Patricia Barbour and James E. Scott were served with process on May 3, 2017. On May 24, 2017, Defendants Barbour and Scott removed this case to federal court on the basis of federal question jurisdiction because Plaintiff's claim arises under 42 U.S.C. § 1981 and there is supplemental jurisdiction for the state law claims.

Both Defendant Barbour and Defendant Scott consented to removal. At the time of removal, Defendant Laurel Grove Baptist Church had not yet been served with process. Defendant Laurel Grove Baptist Church was served with process on May 26, 2017. In his motion to remand, Plaintiff argues that removal was improper because Defendant Laurel Grove Baptist Church had not consented to removal. This argument is without merit because Defendants Barbour and Scott satisfied the requirement of the law, which is that all served defendants consent to the removal action. 28 U.S.C. § 1446 (2011); see also May v. Board of Educ. Of Prince George's County, 713 F.3d 735, 742 (4th Cir. 2013). Thus, this case was properly removed to federal court on the basis of federal question jurisdiction.

Next, the Court considers Defendants' motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. This case is about a disbarred attorney's attempt to charge a church for legal services. The Court takes judicial notice of the fact that Plaintiff was licensed to practice law in Virginia until 2005 when he was disbarred after being convicted of a felony. The church, Defendant Laurel Grove Baptist Church, is a modest sized African-American congregation in Prince William County pastored by Defendant James E. Scott. Defendant Patricia Barbour is a trustee at the church. Plaintiff and Defendant Barbour have been

2

friends since the 1970s, and Defendant Barbour would occasionally hire Plaintiff to provide legal services for the church, but Plaintiff was not employed by the church. The church employed Michael Hadeed, Jr. as its general counsel.

In April or May of 2016, Defendant Barbour talked with Plaintiff about some problems the church was having on a building contract for its new sanctuary. Plaintiff recognized the name of the architect that the church was using, and he asked Defendant Barbour about the building contract the church had signed with the architect. Plaintiff alleges that he then told Defendant Barbour to send him all of the documentation associated with signing the building contract. In December 2016, Defendant Barbour sent Plaintiff the requested documentation. Over the next several months, Plaintiff discussed the building contract with both Defendants Barbour and Scott on multiple occasions. Plaintiff then asked the church to pay for his legal services.

In February 2017, Plaintiff sent Defendants a bill for his legal fees although Plaintiff did not have a written contract with Defendants. The church refused to pay Plaintiff for his time consulting on the building contract. In March 2017, Plaintiff had a heart attack, which he alleges was caused by the stress of not being paid for his legal services. In April 2017, Plaintiff sued Defendants, arguing that Defendants discriminated

3

against him by not paying him because he is African-American while Defendants did pay Caucasian or Caucasian-looking professionals. The Court construes Plaintiff's pro se Complaint to present three causes of action: (1) a claim for violating 42 U.S.C. § 1981; (2) a *quantum meruit* claim; and (3) a claim for intentional or negligent infliction of emotional distress. Defendants moved to dismiss for failure to state a claim upon which relief may be granted.

A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). The complaint must provide a short and plain statement showing that the pleader has a plausible claim and is entitled to relief. Fed. R. Civ. P. 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). On a Rule 12(b)(6) motion to dismiss, the court must accept all well-pled facts as true and construe those facts in the light most favorable to the plaintiff. Id. at 678. The court does not accept as true any "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000).

First, Plaintiff cannot state a claim for relief under 42 U.S.C. § 1981 for racial discrimination in making or enforcing a contract. To state a claim under § 1981, a plaintiff must prove the following elements: (1) he belongs to a racial minority

4

group; (2) defendant intended to discriminate against plaintiff on the basis of race; and (3) the discrimination relates to a contractual relationship covered under § 1981. See Pitts v. U.S. Dep't of Hous. & Urban Dev., 546 F. App'x 118, 120 (4th Cir. 2013); Hewlett v. Permanent Gen. Assurance Corp., No. 3:15-CV-553-JAG, 2016 WL 3919460, at *2 (E.D. Va. July 20, 2016). A claim under § 1981 must identify an impaired contractual relationship. Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006).

Here, Plaintiff cannot identify an impaired contractual relationship because he did not have a contract with Defendants to provide them legal services. More importantly, however, Plaintiff is not licensed to provide legal services because he was disbarred, and for him to provide legal services is the unauthorized practice of law. Further, Plaintiff does not plausibly state how a predominantly African-American church and two African-American individuals employed by the church intended to discriminate against Plaintiff on the basis of his race as an African-American. Lastly, Plaintiff does not present a similarly situated person outside the protected group who received more favorable treatment. Plaintiff attempts to compare himself to Mr. Hadeed, but the comparison fails because Mr. Hadeed is a licensed attorney unlike Plaintiff. Accordingly, Mr. Hadeed and

Plaintiff are not similarly situated. Thus, Plaintiff fails to state a claim under § 1981.

Second, Plaintiff fails to state a claim upon which relief may be granted for *quantum meruit*. To recover on a *quantum meruit* theory, a plaintiff must prove: (1) that he conferred a benefit on the defendant; (2) that the defendant knowingly accepted; and (3) under circumstances making it inequitable for the defendant to retain the benefit without paying for its value. See Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corp., 961 F.2d 489, 491 (4th Cir. 1992).

Here, Plaintiff cannot prove that he provided a benefit to Defendants under circumstances for which he could expect payment. Plaintiff was not licensed to provide legal services, and for him to provide legal services is the unauthorized practice of law, which is a criminal offense. See Va. Code § 54.1-3904 ("Any person who practices law without being authorized or licensed shall be guilty of a Class 1 misdemeanor."). Thus, Plaintiff has no claim for legal fees under a *quantum meruit* theory.

Third, Plaintiff fails to state a claim for intentional or negligent infliction of emotional distress. To recover on an intentional infliction of emotional distress claim, a plaintiff must prove with clear and convincing evidence that: (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct

6

was outrageous or intolerable; (3) there is a causal connection between the wrongful conduct and emotional distress; and (4) the resulting emotional distress is severe. Russo v. White, 400 S.E.2d 160, 162 (1991). A defendant may be found liable only if his wrongful conduct is "beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. A non-client's refusal to pay an unlicensed attorney's legal fees does not satisfy this rigorous standard. Thus, Plaintiff has failed to state a plausible claim for intentional infliction of emotional distress.

Likewise, Plaintiff fails to state a claim for negligent infliction of emotional distress. The standard for negligent infliction of emotional distress is even more rigorous than the standard for intentional infliction of emotional distress because the plaintiff must also prove a physical injury along with severe emotional distress. See Myseros v. Sissler, 387 S.E.2d 463, 466 (1990). The plaintiff's physical injury must be the natural result of fright or shock proximately caused by the defendant's alleged negligence. Delk v. Columbia/HCA Healthcare Corp., 523 S.E.2d 826, 834 (2000).

Here, Plaintiff cannot prove that he suffered a physical impact proximately caused by Defendants' conduct. Plaintiff argues that he suffered a heart attack, but he does not plead sufficient facts to prove that his heart attack was a natural

result of fright or shock from Defendants' failure to pay his legal fees. Thus, Plaintiff has no claim for negligent infliction of emotional distress.

For the foregoing reasons, the Court finds that this case was properly removed to federal court, but that Plaintiff has failed to state a claim upon which relief may be granted and this case should be dismissed. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 6, 2017